78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ADVANCED FIBRE COMMUNICATIONS, Plaintiff-Appellant,
v.
DSC COMMUNICATIONS; DSC Technologies Corporation,
Defendants-Appellees.
 No. 95-16053.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Advanced Fibre Communications ("AFC") appeals the district court's dismissal of its action, based on the first-to-file rule, against DSC Communications Corporation ("DSC") alleging violations of the Sherman Act, 15 U.S.C. §§ 1 and 2, and related state law claims. "We review a court's decision to accept or decline jurisdiction based on the first-to-file rule for abuse of discretion." Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 AFC contends that the district court erred by dismissing rather than staying this action while a related action between the parties was pending in the Eastern District of Texas. This contention lacks merit.
 
 
 4
 Here, DSC filed its action in Texas first and there is no dispute that both cases involve the same parties and issues. Further, DSC's Texas action, the first-filed action, did not "present [ ] a likelihood of dismissal" requiring the district court to stay, rather than dismiss, AFC's second-filed action. See Alltrade, 946 F.2d at 629. Accordingly, the district court did not err by dismissing AFC's action. See id. at 625.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3